IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TY HILL                                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:19-CV-58-SA-DAS

LOYAL AMERICAN LIFE INSURANCE COMPANY,
and STANLEY EUGENE WHITE, II                                                  DEFENDANTS

ORDER AND MEMORANDUM OPINION

Plaintiff Ty Hill filed his Complaint [2] on January 25, 2019, in the Circuit Court of Lee County, Mississippi, alleging that his insurance company, Loyal American Life Insurance Company, and Agent Stanley White improperly denied coverage for a surgical procedure he underwent in 2017. Specifically, Hill accuses the defendants of Breach of Contract, Fraudulent Misrepresentation, Negligence, Infliction of Emotional Distress, and acting in bad faith. Loyal American removed the case to this Court on March 6, 2019. Presently before the Court is the Plaintiff's Motion to Remand [6] the action back to the Circuit Court of Lee County, Mississippi. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

Ty Hill had an insurance policy with Golden Rule Insurance Company. On February 8, 2012, Hill contacted his insurance agent, Stanley Eugene White, II, to inquire about adding his daughter to his insurance plan. According to Hill, White endorsed the addition and directed him to apply for an additional Hospital Confinement and Surgical Fixed Indemnity Policy through American Life Insurance Company. Hill claims that White told him that the policy would not only meet their health insurance needs but would also cover them in the event of surgery or hospitalization. Hill purchased the policy which went into effect on March 1, 2012.

On October 23, 2017, Hill underwent heart ablation surgery to correct a cardiac arrhythmia. According to Hill, he believed the insurance policy covered his surgery and hospitalization. Hill claims that Loyal American Life Insurance Company refused to provide coverage of the surgical procedure leaving him with a bill for $78,930.00.

Loyal American provided Hill with two explanation of benefit forms detailing the coverage of Hill's surgery under the policy. According to Loyal American's explanations, the insurance company paid $1,117.85 of the surgery costs and $501.09 for other tests and examinations associated with the surgical procedure. Hill claims that after he received the invoice, he contacted Loyal American several times to seek complete payment for the surgery. Hill asserts that on one occasion he spoke with a claims specialist who informed him that Loyal American would pay the claims, but Hill continued to receive bills.

Hill filed an appeal with Loyal American seeking payment of the outstanding invoice. On May 4, 2018, Loyal American advised Hill of its reasons for denying him full coverage:

> Two or more surgical procedures performed during the same operative session are considered one procedure and the Surgical Services Benefit will be considered based on the procedure with the highest benefit according to the RVU assigned by the RBRVS.
>
> According to the documents submitted for this claim, you had outpatient surgery on October 23, 2017. We paid the surgery with the largest benefit in Claim C14388021200, issuing a payment of $1,117.85, and mailed directly to Austin Heart on February 3, 2018. Since only one surgery is eligible per day, no additional benefits are payable for other additional surgical procedures.
>
> We have completed our review of all documents submitted and have determined that our original assessment was correct and no further benefits are payable for these services…We considered all claims and paid them according to the provisions of the contract under which they were submitted.

*See* Exhibit D attached to Complaint [2]. Hill asked his surgeon to provide further clarification as to how many procedures were performed. Dr. John Burkhardt supplied written clarification stating that all bills received were for services provided and equipment utilized during a single heart ablation surgery. *See* Exhibit E attached to Complaint [2]. According to Hill, Loyal American

2

reviewed its earlier decision but did not change its decision. *See* Exhibit F attached to Complaint [2].

Hill, a Mississippi citizen, filed this suit against two defendants: Loyal American Life Insurance Company, an Ohio Corporation with its principal place of business in Texas, and Stanley Eugene White, a Mississippi citizen. Loyal American removed the case to this Court, and premised jurisdiction in its Notice of Removal [1] on diversity of citizenship pursuant to 28 U.S.C. § 1332. Hill argues in his Motion to Remand [6] that since White is a Mississippi citizen, removal premised on diversity of citizenship is improper. Loyal American argues that White was improperly joined for the sole purpose of defeating diversity. Now before the Court is Hill's Motion to Remand [6] for lack of federal jurisdiction.

*Legal Standard*

"[F]ederal courts are courts of limited jurisdiction." *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[B]ecause the effect of removal is to deprive the state court of an action properly before it,

removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (internal citations omitted). Moreover, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

*Discussion and Analysis*

The improper-joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). The "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The latter inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a non-diverse defendant, which stated differently means that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the defendant." *Smallwood*, 385 F.3d at 573. If there is an arguably reasonable basis for predicting that state law might impose liability on the facts involved, then there is no improper joinder. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2015).

In determining whether there exists a reasonable basis to predict that a state court might impose liability, "[t]he [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether a complaint states a claim under state law against

4

the in-state defendant." *Smallwood*, 385 F.3d at 573. Joinder will usually be proper so long as the plaintiff can survive a Rule 12(b)(6) challenge. *Id.*

The Defendants submit two arguments for why there is no possibility of recovery against White. First, they argue that the statute of limitations bars any and all claims that Hill has against White. Second, they argue that Hill cannot establish a *prima facie* case of fraudulent misrepresentation against White—the only claim against White individually.

   *I.      Statute of Limitations*

Defendant, Loyal American Life Insurance Company, argues that regardless of the merits of Hill's claims against insurance agent White, they are barred by the applicable statute of limitations prescribed in Mississippi Code Section 15-1-49. Specifically, Loyal American argues that the three-year statute of limitations began to run when Hill received the policy in 2012. Hill responds that the statute of limitations did not begin to run until 2017 when Loyal American refused to cover the cost of his surgery.

Section 15-1-49(1) provides that "all actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49(1). The Mississippi Supreme Court made clear in *McMorris v. Tally* that "the statute of limitations begins to run when an insured —or uninsured, as the case may be—learns that there is a problem with an insurance policy, or that no insurance policy is in effect." 163 So. 3d 289, 292 (Miss. 2015). In *Bank of Commerce v. South Group Insurance and Financial Services, LLC*, the Mississippi Supreme Court ruled that the statute of limitations did not begin to run until the plaintiff's insurance claim was denied. 73 So. 3d 1106, 1110 (Miss. 2011). *See Oaks v. Sellers*, 163 So. 3d 289, 292 (Miss. 2015) (finding that "once the uninsured claimed he was covered under a policy and his claim was denied, the statute of

limitations began to run on any claim against his insurance agent for failure to procure necessary coverage."). "This places the uninsured on notice of a possible problem with the procurement and understanding of the terms of his insurance policy and at this point, the statute of limitations begins to run." *McMorris*, 163 So. 3d at 292.

Loyal American argues that the court's ruling in *Fleming v. Alfa Insurance Corporation* proposed the following rule: a fraud claim accrues when the subject policy is issued. 2016 WL 9414140 (S.D. Miss. Aug. 15, 2016). However, the complete section in *Fleming* states "that a fraud claim accrues on the date of the sale 'if the insured is put on notice by the plain language of the policy that the agent's verbal representations are false.'" *Id* at *4; *citing Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 693 (Miss. 2009). Loyal American argues that had Hill read the policy, he would have notice that White's alleged verbal representations were false. Loyal American, however, does not establish that it is in fact clear on the face of this policy that the surgery would not be covered. As such, this argument fails.

In this Case, precedent leads to one conclusion: Hill has adequately pled facts from which a reasonable jury could infer that the statute of limitations did not begin to run until Hill was informed that his surgery would not be covered by Loyal American. Hill acquired the policy in 2012 but did not have surgery until 2017. He was notified on January 29, 2018 that a large portion of the cost was not covered under his policy. Hill filed his Complaint [2] on January 25, 2019, well within the applicable 3-year statute of limitations.

For these reasons, the Court finds that Hill's claims are not barred by the applicable statute of limitations.

## II. Fraudulent Misrepresentation Claim against Stanley White

Hill's first claim alleges that Agent White fraudulently misrepresented the coverage of the insurance policy and that he relied on that misrepresentation in purchasing the policy. To be successful on his Motion to Remand [6], Hill's Complaint [2] must demonstrate a possibility of recovery on a fraudulent misrepresentation claim against White. In *Travis*, the Fifth Circuit stated that "the possibility, however, must be reasonable, not merely theoretical." 326 F.3d at 648; *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2000).

To establish a *prima facie* fraudulent misrepresentation claim, a plaintiff must prove the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Elchos v. Haas*, 178 So. 3d 1183, 1198 (Miss. 2015); *citing Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (Miss 2008).

In his Complaint [2], Hill claims that on February 8, 2012 during a consultation, White "endorsed and directed Plaintiff to apply for the Hospital Confinement and Surgical Fixed Indemnity Policy through Loyal American Life Insurance Company." According to Hill, White advised him that "the policy he was purchasing was with a reputable company and would cover medical costs in the event he underwent a surgical procedure." *See* Plaintiff's Complaint [2]. Hill alleges that White knew those representations were false or White should have known under these circumstances. Hill further claims that he had the right to rely on such representations and did in fact rely on such representations when he signed the policy.

The Court finds that Hill has pled sufficient facts to establish a reasonable possibility of recovery on a claim of fraudulent misrepresentation against White. The Court finds that White was not improperly joined.

*Conclusion*

For all the reasons stated above, the Plaintiff's Motion to Remand [6] is GRANTED. The case is remanded back to the Circuit Court of Lee County for further proceedings and the Clerk of Court is directed to take all necessary steps to perfect the remand. This case is CLOSED.

SO ORDERED this the 22nd day of November, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE